IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| ARTHUR LARON NILES, | ) | |
| | ) | |
| Petitioner, | ) | No. 4:01-cr-00198-DCN-1 |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA. | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the court on petitioner Arthur Laron Niles's ("Niles") motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255, ECF No. 216; Niles's motion to hold his petition in abeyance pending rulings by the Supreme Court, ECF No. 214; Niles's motion for equitable tolling of time to file his petition, ECF No. 215; and the United States of America's ("the government") motion to dismiss Niles's petition, ECF No. 220. For the reasons discussed below, the court finds as moot Niles's motion to hold his petition in abeyance, denies Niles's motion for equitable tolling, grants the government's motion to dismiss, and dismisses Niles's petition.

## I. BACKGROUND

On November 13, 2001, Niles pleaded guilty to knowingly using and carrying a firearm during and in relation to and possessing in furtherance of a drug trafficking crime and a crime of violence, and in the course of this violation, brandishing the firearm and causing the death of Kircktrick Dewayne Cooper through the use of the firearm, such death constituting murder, as defined by 18 U.S.C. § 111, all in violation of 18 U.S.C. §§ 924(c), 924(j)(1) and 2. Niles, acting pro se, filed his 2255 petition on March 28, 2017,

1

in which he raises two grounds for his petition. First, Niles contends that "his constitutional right to due process and equal protection is being violated by continued incarceration, on Count 4, through and by law, i.e., 18 U.S.C. § 924(c) that is void for vagueness and that he must be discharged from custody." ECF No. 216 at 4. In his second ground, Niles contends that "his constitutional right to due process and equal protection is being violated by continued incarceration, on count # 4, through and by law, i.e., 18 U.S.C. § 924(c); 18 USC 924(j); 18 USC § 16; and 18 USC § 1101(a) that are void for vagueness and that he must be discharged from custody." Id. at 5. While Niles does not say so explicitly, the court interprets this argument to mean that Niles filed his petition pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015), which held that the residual clause of the Armed Career Criminal Act is unconstitutionally vague. Concurrently with his petition, Niles filed a motion to hold his petition in abeyance pending the outcome of several cases and a motion to equitably toll the statute of limitation for his petition. ECF Nos. 214–15. The government then filed a motion to dismiss Niles's petition as well as responses to Niles's other motions. ECF Nos. 220–22. Niles responded to the government's motion. ECF No. 223. All four motions are ripe for review.

## II.  STANDARD

Federal district courts are charged with liberally construing petitions filed by pro se litigants to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9-10 (1980). Pro se petitions are therefore held to a less stringent standard than those drafted by attorneys. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Liberal construction, however, does not mean that a court may ignore a clear

failure in the pleading to allege facts that set forth a cognizable claim. See Weller v. Dep't of Soc. Servs., 901 F.3d 387, 390-91 (4th Cir. 1990).

> Pursuant to 28 U.S.C. § 2255(a):
>
> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

The petitioner must prove the grounds for collateral attack by a preponderance of the evidence.[1] See King v. United States, 2011 WL 3759730, at *2 (D.S.C. Aug. 24, 2011) (citing Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958)).

### III. DISCUSSION

The court first addresses Niles's motion to hold his petition in abeyance. Niles asked the court to hold his petition in abeyance pending the resolution of Dimaya v. Lynch, which became Sessions v. Dimaya, 138 S. Ct. 1204 (2018); the Fourth Circuit case United States v. Hassan Sharif Ali, Docket No. 15-4433, and "Manthis."[2] Niles argues that these cases would resolve the question of whether the residual clause of 18 U.S.C. § 924(c) is void for vagueness, which is the issue raised in Niles's petition. As discussed below, the Supreme Court has now spoken on that issue in United States v.

---

[1] In deciding a § 2255 petition, the court shall grant a hearing, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The court has reviewed the record in this case and has determined that a hearing is not necessary.

[2] The court presumes that Niles is referring to United States v. Mathis, 932 F.3d 242 (4th Cir. 2019); however, that case relates to the question of whether Hobbs Act robbery is a crime of violence under the force clause of § 924(c). The underlying predicate crime of Niles's § 924(c) charge is not a Hobbs Act robbery; therefore, this case is inapplicable to Niles's petition.

3

Davis, 139 S. Ct. 2319 (2019). Moreover, Sessions v. Dimaya has been resolved, and while United States v. Hassan Sharif Ali is still pending, the case is in abeyance pending a decision in another Fourth Circuit case related to the First Step Act of 2018, which is irrelevant to Niles's petition. As such, the court finds as moot Niles's motion to hold his petition in abeyance.

Next, the court considers the timeliness of Niles's 2255 petition. The government's motion to dismiss is based, in part, on the fact that Niles's petition is untimely. Judgment was entered in Niles's case on July 19, 2002, and no direct appeal was filed. Niles filed his petition on March 28, 2017, which far exceeds the one-year period of limitation imposed by § 2255(f)(1). As discussed above, Niles's petition relies on Johnson, which was decided on June 26, 2015. As an alternative to § 2255(f)(1)'s one-year limitation based on the entry of judgment, § 2255(f)(3) permits the filing of a § 2255 petition within one year of a right that has been newly recognized by the Supreme Court and made retroactive. Pursuant to that period of limitation and based on the new right recognized by Johnson and made retroactive by Welch v. United States, 136 S.Ct. 1257 (Apr. 18, 2016), Niles's petition would have been due by June 26, 2016.

Niles argues that this limitation period should be equitably tolled because during the one-year period after Johnson was decided, he lacked access to the resources required to file his petition. To be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Fla., 560 U.S. 631, 649 (2010) (internal quotations omitted). Niles explains that he was in "SMU" from May 12, 2016 to December 12, 2016; then he was in transit from December 12, 2016 to January 12,

2017; then he had "no property" from January 12, 2017 to February 6, 2017; and then he was in lockdown from February 13, 2017 to March 20, 2017.  ECF No. 215 at 2.  However, this timeline does not address the relevant one-year period here: June 26, 2015 to June 26, 2016.  In fact, the docket reflects letters sent to the court by Niles during that time period.  See, e.g., ECF No. 173 (letter dated June 29, 2015); ECF No. 176 (letter dated August 9, 2015); ECF No. 190 (letter dated October 19, 2015).  As such, the court finds that Niles has failed to show that he is entitled to equitable tolling and denies Niles's motion for equitable tolling.

However, this does not end the court's inquiry.  While Niles's petition is untimely under Johnson, it may be considered under Davis.  In Davis, the Supreme Court announced a newly recognized right by finding § 924(c)'s residual clause to be unconstitutionally vague.  139 S. Ct. at 2336.  Neither the Supreme Court nor the Fourth Circuit has determined whether Davis has retroactive effect.  However, the Fifth, Tenth, and Eleventh Circuits have all determined that Davis established a new substantive rule that should be applied retroactively.  See United States v. Reece, 2019 WL 4252238, at *4 (5th Cir. Sept. 9, 2019); United States v. Bowen, 2019 WL 4146452, at *4 (10th Cir. Sept. 3, 2019); In re Hammoud, 931 F.3d 1032, 1039 (11th Cir. 2019).  The court agrees with the reasoning of these courts and gives Davis retroactive effect.  Therefore, Davis, which was decided on June 24, 2019, affects the timeliness of Niles's petition.  However, even in light of Davis, the court dismisses Niles's petition for lack of merit.

Pursuant to § 924(c), it is illegal for "any person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States" to "use[ ] or carr[y] a firearm, or who, in

5

furtherance of any such crime, possess[ ] a firearm." 18 U.S.C.A. § 924(c). The statute defines "crime of violence" as

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Id. § 924(c)(3). Subsection A is known as the force clause, while subsection B is known as the residual clause. The Davis court found the residual clause to be void for vagueness; however, the force clause remains intact. Therefore, the question is whether the underlying predicate crime for Niles's § 924(c) conviction qualifies as a crime of violence under the force clause. That crime was Niles's use of a firearm to cause the death of Kirktrick Dwayne, which constituted murder as defined by 18 U.S.C. § 1111. Murder is defined as "the unlawful killing of a human being with malice aforethought." 18 U.S.C. § 1111(a).

Courts consistently find murder in violation of § 1111 to be a crime of violence within the scope of the force clause. See In re Irby, 858 F.3d 231, 236 (4th Cir. 2017) ("Even post-Johnson several courts have found that murder is a crime of violence under the force clause"); United States v. Moreno-Aguilar, 198 F. Supp. 3d 548, 554 (D. Md. 2016) (finding an underlying charge of murder pursuant to 18 U.S.C. § 1111 to be a crime of violence under the force clause); United States v. Checora, 155 F. Supp. 3d 1192, 1200 (D. Utah 2015) (finding second-degree murder under § 1111 to be a crime of violence under the force clause); cf. Cousins v. United States, 198 F. Supp. 3d 621, 626 (E.D. Va. 2016) (finding that common law murder qualifies as a crime of violence under the force clause because "[t]he intentional killing of another certainly involves the use, attempted use, or threatened use of physical force against the person"). In considering

whether murder pursuant to § 1111 "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," the Fourth Circuit reasoned that "one cannot unlawfully kill another human being without a use of physical force capable of causing physical pain or injury to another." In re Irby, 858 F.3d at 238. Indeed, "finding that murder is not a crime of violence under the force clause of § 924(c) strains common sense." Moreno-Aguilar, 198 F. Supp. 3d at 554. Therefore, Niles's § 924(c) conviction is still valid based on the intact force clause.

In his petition, Niles asserts that his case parallels United States v. Lattanaphom, 159 F. Supp. 3d 1157 (E.D. Cal. 2016), a case in which the petitioner was granted relief based on the residual clause in § 924(c). However, Niles is mistaken. As an initial matter, Lattanaphom was before the court on a motion to dismiss counts of the defendants' indictment, as opposed to a habeas petition pursuant to § 2255. 159 F. Supp. 3d at 1158. Moreover, the Lattanaphom court simply found the residual clause of § 924(c) to be void for vagueness, a ruling that was later confirmed by Davis. The Lattanaphom did not consider whether any of the defendants' underlying predicate crimes for their § 924(c) charges fell within the force clause. Here, as discussed above, Niles's underlying predicate crime of murder falls within § 924(c)'s force clause. Therefore, Lattanaphom is inapplicable to Niles's petition.

The court also notes that throughout the briefing in this case, Niles seems to suggest that his two claims in his petition are different. See ECF No. 223 at 1–2 (arguing that "[t]he government misconstrues petitioner's first claim and does not address the 'equal protection' aspect of the claim" and that "[p]etitioner's second claim is not detailed or eloquently presented but he certainly has presented a meritorious and

cognizable claim of a constitutional nature on the '18 U.S.C. § 924(c)' issue . . . ."). However, Niles's description of Ground One and Ground Two in his petition are identical except for the inclusion of 18 U.S.C. § 924(j), 18 U.S.C. § 16, and 18 U.S.C. § 1101(a) in Ground Two. None of the authority cited by Niles stands for the proposition that either 18 U.S.C. § 924(j) or 18 U.S.C. § 1101(a)[3] is void for vagueness, and 18 U.S.C. § 16 is unrelated to Niles's conviction. As such, the court's discussion above addresses both claims raised in Niles's petition.

In sum, the court finds that Niles's underlying predicate offense of murder is a crime of violence pursuant to the force clause of § 924(c). With the force clause still intact, Davis provides no relief for Niles, and Niles's petition must be dismissed.

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). An applicant satisfies this standard by establishing that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller–El v. Cockrell, 537 U.S. 322, 336–38 (2003). Here, Niles does not meet this standard because there is nothing debatable about the court's resolution of his 2255 petition.

---

[3] The court presumes that Niles is referring to 18 U.S.C. § 1111.

## IV. CONCLUSION

For the foregoing reasons the court **FINDS AS MOOT** Niles's motion to hold his petition in abeyance, **DENIES** Niles's motion for equitable tolling, **GRANTS** the government's motion to dismiss, and **DISMISSES** Niles's petition. A certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**November 20, 2019
Charleston, South Carolina**