**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 4:01-cr-00198-DCN-1 |
| vs. | ) | |
| | ) | **ORDER** |
| ARTHUR LARON NILES, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on defendant Arthur Laron Niles's ("Niles")

motion for discovery and to compel the government to make a motion pursuant to Federal

Rule of Criminal Procedure 35(b), ECF No. 239. For the reasons discussed below, the

court denies the motion.

On November 13, 2001, Niles pleaded guilty to knowingly using and carrying a

firearm during and in relation to a drug trafficking crime and a crime of violence, and in

the course of this violation, brandishing the firearm and causing the death of Kircktrick

Dewayne Cooper through the use of the firearm, such death constituting murder, as

defined by 18 U.S.C. § 111, all in violation of 18 U.S.C. §§ 924(c), 924(j)(1) and 2. ECF

No. 74. Prior to sentencing, Niles faced a sentence of 360 months to life in prison. At

sentencing, the court granted the government's motion for a downward departure

pursuant to Fed. R. Crim. P. 35(b) based on Niles' cooperation with several ongoing

investigations, including the prosecution of a then-pending murder case. ECF Nos. 99,

101. The court sentenced Niles to a term of imprisonment of 360 months, to be followed

by five years of supervised release. ECF No. 105.

On May 19, 2015, Niles filed a pro se "Motion Requesting Downward Departure"

due to his "substantial assistance" with a murder trial. ECF No. 162. On January 1,

1

2016, the court denied the motion, finding that Niles was not "entitle[d] to judicial review of the government's refusal to file a Rule 35(b) motion." ECF No. 194 at 3. On July 14, 2020, Niles sent the court a letter to "touch[ ]base" "concerning [his] Rule 35(b) [motion]" from "back in 2015." ECF No. 239. In his letter, Niles requests review of his motion to compel a 35(b) motion as well as for an "order to [obtain] the records of [police] recordings of [his] phone calls" in order to demonstrate that he provided the government with substantial assistance, warranting further downward departure.

Giving the letter liberal construction, as it must do, the court construes Niles' letter as a second motion to compel the government to file a Rule 35(b) motion for downward departure and a request to obtain discovery in support of his motion. With respect to the former, the court finds, as it did in 2016, that Niles is not entitled to judicial review of the government's decision regarding a Rule 35(b) motion for downward departure. See Wade v. United States, 504 U.S. 181, 186 (2002) (The government has "a power, not a duty, to file a motion when defendant has substantially assisted."). The court likewise denies Niles' request for discovery in support of his failed motion. See id. ("[A] claim that a defendant merely provided substantial assistance will not entitle [him] to a remedy or even to discovery or an evidentiary hearing.").

For the foregoing reasons the court **DENIES** the motion.

**AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**January 6, 2021**
**Charleston, South Carolina**